UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

STEEN MIKKELSEN,            Case No. 17-cv-1118

           Plaintiff,
vs.

FIRST MIDWEST BANCORP, INC.;
EXPERIAN INFORMATION
SOLUTIONS, INC; AND EQUIFAX
INFORMATION SERVICES, LLC.

           Defendants.

## COMPLAINT

NOW COMES, Plaintiff Steen Mikkelsen, by and through his attorneys, DeLadurantey Law Office, LLC and complains of Defendants First Midwest Bancorp, Inc., Experian Information Solutions, Inc., and Equifax Information Services, LLC, and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

### Nature of the Action

1. This lawsuit arises from incorrect credit reporting.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### Jurisdiction and Venue

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

**Parties**

6. Plaintiff Steen Mikkelsen (hereinafter "Mr. Mikkelsen") is a natural person who resides in the city of Milwaukee, County of Milwaukee, State of Wisconsin.

7. Defendant First Midwest Bancorp, Inc. ("Defendant First Midwest Bank") is a foreign corporation with a principal office of One Pierce Place, Suite 1500, Itasca, IL 60143, and a registered agent of United States Corporation Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

8. Defendant Experian Information Solutions, Inc. ("Defendant Experian") is a foreign corporation with a principal office of 475 Anton Blvd., Costa Mesa, CA 92626, and a registered agent of CT Corporation System, 8040 Excelsior Drive, Suite 200, Madison, WI 53717.

9. Defendant Experian Information Solutions, Inc. is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

10. Defendant Equifax Information Services, LLC ("Defendant Equifax") is a foreign corporation with a principal office of 1550 Peachtree St. NW, Atlanta, GA 30309, and a registered

agent office of Corporation Service Company., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

11. Defendant Equifax is a "consumer credit reporting agency," as defined by 15 U.S.C. § 1681a(f) of the Act, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing "consumer reports," as defined in 15 U.S.C. § 1681a(d), to third parties.

## Factual Allegations

12. In or around May, 2013, Defendant First Midwest Bank filed a foreclosure action on Mr. Mikkelsen's property (13-cv-477, Walworth County).

13. In or around October, 2014, the foreclosure action was finalized with the Confirmation of Sale.

14. As part of the foreclosure action, Defendant First Midwest Bank waived any deficiency on the mortgage.

15. Because Defendant First Midwest Bank waived any deficiency on the mortgage, Mr. Mikkelsen did not owe anything on the mortgage after the Confirmation of Sale in October, 2014.

16. Mr. Mikkelsen obtained his credit report from Defendants Experian and Equifax, which showed a balance on the account with Defendant First Midwest Bank, as recently as March, 2017.

17. After discovering this, Mr. Mikkelsen contacted Defendants Experian and Equifax on multiple occasions to let them know that there should be no balance due and owing on the account since October, 2014.

18. Defendant Experian did not investigate Mr. Mikkelsen's dispute.

3

19. Defendant First Midwest Bank responded to requests from Defendants Equifax, verifying that a balance was owed.

20. Defendants Experian and Equifax allowed the incorrect information to remain on Mr. Mikkelsen's credit file.

### Count 1 – Violations of the FCRA, Defendant Experian (15 U.S.C. §1681)

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant Experian also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

23. Defendant Experian prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Mr. Mikkelsen to current and potential creditors.

24. Defendant Experian violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Mr. Mikkelsen's consumer credit file, by falsely reporting that he owed a balance to Defendant First Midwest Bank and by failing to conduct a reasonable reinvestigation with respect to the information provided by Mr. Mikkelsen that he did not owe anything on the account.

25. As a result of Defendant Experian's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to his credit rating, credit denial, and emotional distress in an amount to be determined at trial.

26. Defendant Experian's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

27. Alternatively, Defendant Experian's violations were negligent, rendering it liable for damages under § 1681o of the Act.

**Count 2 – Violations of the FCRA, Defendant Equifax (15 U.S.C. §1681)**

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant Equifax also has a duty, whenever it prepares a consumer report, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

30. Defendant Equifax prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false and damaging information about Mr. Mikkelsen to current and potential creditors.

31. Defendant Equifax violated 15 U.S.C. § 1681e and 15 U.S.C. § 1681i by failing to follow reasonable procedures to assure maximum possible accuracy of Mr. Mikkelsen's consumer credit file, by falsely reporting that he owed a balance to Defendant First Midwest Bank and by failing to conduct a reasonable reinvestigation with respect to the information provided by Mr. Mikkelsen that he did not owe anything on the account.

32. As a result of Defendant Equifax's violations of 15 U.S.C. §§ 1681e(b) and 1681i, the Plaintiff has suffered a detriment to his credit rating, credit denial, and emotional distress in an amount to be determined at trial.

33. Defendant Equifax's conduct, actions and inaction, were willful, rendering it liable for damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

34. Alternatively, Defendant Equifax's violations were negligent, rendering it liable for damages under § 1681o of the Act.

### Count 3 – Violations of the FCRA, Defendant First Midwest Bank (15 U.S.C. §1681)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendant First Midwest Bank prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Mr. Mikkelsen, as defined in the FCRA.

37. Defendant First Midwest Bank violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Mr. Mikkelsen's credit report to accurately reflect that he did not owe a balance.

38. As a result of Defendant First Midwest Bank's failures to correct their erroneous and derogatory credit reporting, Mr. Mikkelsen has suffered reduced credit access, emotional distress, embarrassment, helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

39. Because Defendant First Midwest Bank disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Mr. Mikkelsen to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

40. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### Trial by Jury

41. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Mr. Mikkelsen prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against all Defendants;

B. Statutory and punitive damages against all Defendants pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against all Defendants;

D. For such other and further relief as may be just and proper.

Dated this 14th day of August, 2017.

/s/ Heidi N. Miller
Nathan E. DeLadurantey, 1063937
Heidi N. Miller, 1087696
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive, Suite 109
Brookfield, WI 53005
(414) 377-0515; (414) 755-0860 - Fax
E: nathan@dela-law.com
E: heidi@dela-law.com

*Attorneys for the Plaintiff*

# VERIFICATION OF COMPLAINT AND CERTIFICATION

Pursuant to 28 U.S.C. § 1746, I, Steen Mikkelsen, declare under penalty of perjury the following:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Steen Mikkelsen